

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2007

# USA v. Ernst

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5260

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Ernst" (2007). *2007 Decisions.* Paper 1236.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1236

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5260
_____

UNITED STATES OF AMERICA,

v.

MICHAEL ERNST,

Appellant.

_____

On Appeal From the United States District Court
for the Eastern District of Pennsylvania
(No. 01-cr-00093)
District Judge:  Honorable Stewart Dalzell

Submitted Under Third Circuit LAR 34.1(a)
January 25, 2007

Before: SCIRICA, *Chief Judge*, FUENTES and CHAGARES, *Circuit Judges*.

(Filed April 23, 2007)
_____

OPINION OF THE COURT
_____

CHAGARES, *Circuit Judge*.

Appellant Michael Ernst ("Ernst") received a thirteen-month sentence upon revocation of his probation. He filed a timely *pro se* Notice of Appeal. His appointed counsel filed a petition to withdraw pursuant to Anders v. State of California, 386 U.S. 738 (1967). For the reasons expressed below, we will grant counsel's petition to withdraw and we will affirm the sentence.

I.

As we write solely for the benefit of the parties, a lengthy recitation of the facts and procedural background is unnecessary.

On February 22, 2001, the grand jury returned an indictment charging Ernst and eight co-defendants with conspiracy to remove vehicle identification numbers and to traffic in vehicles with altered identification numbers with intent to sell, in violation of 18 U.S.C. § 371; removal and alteration of vehicle identification, in violation of 18 U.S.C. § 511; possession of vehicles with altered identification numbers with intent to sell, in violation of 18 U.S.C. § 2321; and aiding and abetting, in violation of 18 U.S.C. § 2. On October 2, 2001, Ernst pled guilty to all charges against him. On January 8, 2002, the District Court sentenced Ernst to five years of probation.

On September 1, 2005, Ernst's probation officer filed a Violation of Probation Report (the "Probation Report") with the District Court. At the time, Ernst was serving a three-month sentence in the Berks County Prison for various state crimes related to a hit-

2

and-run accident in which he had been involved. A warrant issued and Ernst was brought before the District Court for a revocation hearing on November 23, 2005.

The day prior to the hearing, counsel met with Ernst to discuss his violations. An issue arose as to the amount of time Ernst should be credited for his incarceration on the foregoing state charges.[1] At the hearing, Counsel sought a continuance to conduct further research into the matter, but the District Court declined to continue the revocation hearing. Counsel was granted a ten-minute recess to confer with Ernst's probation officers present at the hearing.

The Probation Report detailed conduct constituting various violations of Ernst's probation. Specifically, it reported that Ernst traveled to Atlantic City on several occasions to gamble and to Baltimore, Maryland for sightseeing without permission – a Grade C violation of his probation. Ernst failed to submit truthful and accurate monthly reports, neglecting to mention several purchases of cars and a motorcycle. In a conversation with his probation officer, Ernst admitted that he was hiding his assets out of concern that the assets would be subject to forfeiture to pay restitution. Failure to submit truthful monthly reports is a Grade C violation. After an incident in which Ernst was alleged to have slapped his wife across the face, Ernst's wife requested and received a

_____

[1] Apparently there was some question regarding when Ernst came into federal custody. The District Court acknowledged that Ernst may be due some credit for time served and requested that Ernst's counsel follow up with the Court if the Bureau of Prisons' calculus of time was inaccurate.

Protection From Abuse Order ("PFA Order"). Ernst violated the PFA Order on four separate occasions by attempting, multiple times, to talk to his wife over the telephone. Because the actual conduct (the slap) leading to the PFA Order constituted a crime of violence under Pennsylvania law, this conduct became a Grade A violation of Ernst's probation. Finally, Ernst attempted to defraud his insurance company by claiming his vehicle was stolen when in fact it was not. This conduct constituted a Grade B violation of his probation.

Ernst was given the opportunity to testify on his behalf regarding the factual bases for the violations articulated in the Probation Report. On the subject of Ernst's violations of the PFA Order, Ernst explained that the numerous calls he made to his wife were in an attempt to work things out. While he admitted violating the PFA Order, Ernst never raised any issues with regard to the underlying factual basis for the entry of the PFA Order in the first instance. He now claims, though, that he never struck his wife and that she fabricated the whole story. (Letter from Ernst to U.S. Court of Appeals for the Third Circuit (June 21, 2006)).

At the conclusion of the hearing, the District Court imposed a thirteen-month term of incarceration and a three-year term of supervised release. Ernst timely appealed. Ernst's counsel petitions the Court to withdraw as attorney of record on the grounds that the appeal is frivolous; Ernst has filed a *pro se* brief.

II.

4

A lawyer may petition the Court pursuant to Anders v. California, 386 U.S. 738, 744 (1967), if he seeks to withdraw from a case because the indigent criminal defendant he represents wishes to pursue frivolous arguments on appeal. Anders requires that counsel engage in a "conscientious examination" of the record and submit "a brief referring to anything in the record that might arguably support the appeal." Anders, 386 U.S. at 744; Third Circuit L.A.R. 109.2(a). When counsel submits an Anders brief, this Court engages in a two-fold inquiry. First, we determine "whether counsel has adequately fulfilled the rule's requirements." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). To this end, counsel fulfills his duties if the Anders brief satisfies "the court that counsel has thoroughly examined the record in search of appealable issues, and . . . [has] explain[ed] why the issues are frivolous." Id. If counsel's brief meets with approval, we turn to an independent analysis of the record to determine whether there are any non-frivolous issues. Id. However, our review is confined to "those portions of the record identified by an adequate Anders brief, so that our examination of the record is informed by those issues raised in Appellant's *pro se* brief." Id. at 301 (discussing United States v. Wagner, 103 F.3d 551 (7th Cir. 1996)).

Here, counsel conducted a thorough examination of the proceedings, and has culled from the record three potentially appealable issues: (1) whether counsel rendered ineffective assistance based upon the amount of time spent reviewing with Ernst the

violations of probation and grading prior to the probation hearing; (2) whether Ernst's conduct serving as the basis for the PFA Order constituted a Grade A violation of probation pursuant to U.S.S.G. § 7B1.1; and (3) whether the sentence imposed was reasonable. However, counsel explains that each issue is frivolous and we agree, having conducted our own independent review. We address each issue in turn.

A.

Ernst claims that on the day before the probation hearing he met with counsel for only five to ten minutes. According to Ernst, counsel was unaware of what the violations entailed and did not review the Probation Report with Ernst prior to the hearing. Ernst did not see counsel again until the next day when he was brought to the revocation hearing. During the ten-minute court recess afforded to counsel, Ernst claims he had his first opportunity to review the Probation Report. Consequently, Ernst now argues that he had inadequate time to review the allegations contained therein and to consult with counsel. However, he raised no objections to the District Court regarding the amount of time spent reviewing the Probation Report or consulting with counsel. When asked by the Court whether he reviewed the Probation Report Ernst replied, "I just did now actually. This is the first time I seen it, today." The Court then asked, "There's nothing you disagree with?" Ernst answered, "No. The only thing I have is like there's a couple little things that are written up. But, like I said, when you look, when I look at the main problem, [it's] my Grade A violation." (A50-A51.) Based on this colloquy and the

6

amount of time spent discussing the Grade A violation during the hearing, it does not appear that Ernst had inadequate time to review the Probation Report.

Even if he did have inadequate time to prepare with counsel, in this situation, Ernst's claim of ineffective assistance of counsel is premature on direct appeal. Rather, the issue of ineffectiveness of counsel must be raised in a collateral proceeding. Massaro v. United States, 538 U.S. 500, 505 (2003); United States v. Thornton, 327 F.3d 268, 271-72 (3d Cir. 2003) ("It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack."). Accordingly, although the ineffectiveness of counsel's assistance, however unlikely, may be an open question, it cannot form the basis for a non-frivolous claim on direct appeal here.

B.

Ernst does not dispute the legal determination that the offense of simple assault is a crime of violence under Pennsylvania law, an issue settled by United States v. Dorsey, 174 F.3d 331, 332-33 (3d Cir. 1999). Nor does Ernst dispute that, in finding a violation of probation, the District Court considered only the actual conduct charged and not whether Ernst had been convicted in a criminal proceeding. U.S.S.G. § 7B1.1 app. note 1 ("Under 18 U.S.C. §§ 3563(a)(1) and 3583(d), a mandatory condition of probation and supervised release is that the defendant not commit another federal, state, or local crime. A violation of this condition may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct. The grade of

7

violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct."). Instead, Ernst now disputes the actual conduct; that is, he contests that he slapped his wife on August 28, 2003. At the hearing, Ernst suggested that his wife played a "PFA game" in order to "get her time away, so she can go to her mom's house and don't [sic] have to be bothered." (A49.) Ernst admitted that he violated the PFA on four occasions, but notably, never once did he dispute the assault allegation throughout the extensive colloquy.

A defendant's failure to object to the factual allegations in a presentence report is tantamount to an admission. United States v. Siegel, 477 F.3d 87, 93 (3d Cir. 2007). We perceive no appreciable difference in this context between a presentence report and a violation of probation report. By failing to object to the factual underpinnings of the Grade A violation, Ernst is deemed to have admitted them. Furthermore, it is well-settled that factual disputes not raised before the District Court are waived upon appeal. See Keenan v. City of Philadelphia, 983 F.2d 459, 471 (3d Cir. 1992) (an issue is waived where the argument is not presented with "sufficient specificity to alert the district court"); see also Bagot v. Ashcroft, 398 F.3d 252, 256 (3d Cir. 2005) (noting that "[i]t is well established that failure to raise an issue in the district court constitutes a waiver of the argument in this Court") (internal citation and quotations omitted). To the extent that Ernst seeks to dispute the factual basis for his Grade A violation on appeal, the claim is

8

frivolous because he failed to object at the revocation hearing.  To the extent that Ernst

claims his attorney was ineffective in not sufficiently reviewing the report with him,

therefore enabling him to object, the claim is not ripe for appellate review, as discussed

above.

C.

If a defendant violates a condition of probation during the probation period, the

District Court "may, after a hearing pursuant to Rule 32.1 of the Federal Rules of

Criminal Procedure, and after considering the factors set forth in section 3553(a)[2] to the

extent that they are applicable . . . (2) revoke the sentence of probation and resentence the

defendant under subchapter A."  18 U.S.C. § 3565(a)(2).  We made clear in United States

v. Blackston, 940 F.2d 877 (3d Cir. 1991), that, within the realm of revocation of

probation or supervised release, the District Court need only "consider" relevant policy

statements and the § 3553(a) factors listed in § 3583(e).  Id. at 893.  "In fact, there is no

requirement that the district court make specific findings with respect to each of the

section 3553(a) factors that it considered.  At the time of sentencing, the district court

simply must state on the record its *general* reasons under section 3553(a) for rejecting the

Chapter 7 policy statements and for imposing a more stringent sentence."  Id.; accord

---

[2] Those factors include "(1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to afford adequate deterrence to criminal conduct; (4) the need to protect the public from further crimes of the defendant; and (5) the need to provide the defendant with appropriate treatment."  United States v. Blackston, 940 F.2d 877, 893 (3d Cir. 1991).

United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006) (recognizing that the District Court does not have to "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing").

The Sentencing Guidelines recommend that a defendant with a criminal history category I should receive a sentence of twelve to eighteen months for a Grade A violation. U.S.S.G. § 7B1.4(a)(1). Here, Ernst was sentenced at the low-end of the guidelines range to thirteen months imprisonment. The District Court recognized that Ernst accepted responsibility and, because of that, sentenced Ernst below the Government's recommendation of fifteen months. From the ensuing colloquy, it is clear that the District Court considered the many offenses Ernst committed, which demonstrated an overt lack of respect for the law, the need to protect the public from further crimes, and the need to provide the defendant with appropriate punishment. We conclude that the sentenced imposed was plainly reasonable. Therefore, any claim based on the unreasonableness of the sentence would be frivolous.

III.

Where we conclude, as we do here, that the appeal is without merit, our local rules require that we grant counsel's Anders motion and dispose of the appeal without appointing new counsel. Third Circuit L.A.R. 109.2(a). Accordingly, counsel's motion will be granted and Ernst's sentence will be affirmed.

10