

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-1999

# USA v. Dorsey

Precedential or Non-Precedential:

Docket 98-7335

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"USA v. Dorsey" (1999). *1999 Decisions*. Paper 91.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/91

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed April 6, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-7335

UNITED STATES OF AMERICA

v.

WILLIAM M. DORSEY,

      Appellant.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 97-283)
District Court Judge: Honorable Sylvia H. Rambo

Argued November 19, 1998

BEFORE: GREENBERG, ALITO, and
GODBOLD,* Circuit Judges

(Filed: April 6, 1999)

        James V. Wade
        Federal Public Defender
        Daniel I. Siegel (argued)
        Assistant Federal Public Defender
        Middle District of Pennsylvania
        100 Chestnut Street, Suite 306
        Harrisburg, PA 17101

         Attorneys for Appellant
         William M. Dorsey
_____

*Honorable John C. Godbold, Senior Judge of the United States Court of
Appeals for the Eleventh Circuit, sitting by designation.

          David M. Barasch
          United States Attorney
          Middle District of Pennsylvania
          Kim Douglas Daniel (argued)
          Assistant U.S. Attorney
          P.O. Box 11754
          Harrisburg, PA 17108

           Attorneys for Appellee
           United States of America

OPINION OF THE COURT

GODBOLD, Circuit Judge:

Defendant William M. Dorsey pled guilty to three counts of bank robbery. On June 4, 1998, the district court sentenced him as a career offender under U.S.S.G. S 4B1.1 because of his prior convictions of aggravated and simple assault. Defendant challenges the sentence on the ground that a Pennsylvania simple assault is not a "crime of violence" for purposes of the career offender guideline.

Whether a particular crime constitutes a crime of violence is a question of law and the Court's review is plenary. U.S. v. McQuilkin, 97 F.3d 723, 727 (3d Cir. 1996), cert. denied, 117 S. Ct. 2413 (1997). The burden is on the government to prove guideline enhancements by a preponderance of the evidence. U.S. v. Miele, 989 F.2d 659, 663 (3d Cir. 1993).

Whether simple assault qualifies as a predicate offense for purposes of the career offender guideline is an issue of first impression for the Third Circuit. The Eastern District of Pennsylvania has held that it does. U.S. v. Watson, No. CRIM. 92-672, 1993 WL 287621, at *4 (E.D. Pa. July 23, 1993). See also U.S. v. Pratt, 913 F.2d 982, 993 (1st Cir. 1990) (simple assault constituted career offender predicate).

Under U.S.S.G. S 4B1.1, a defendant is a career offender if 1) the defendant was at least 18 years of age at the time he committed the instant offense of conviction; 2) the instant offense is a felony that is either a crime of violence

2

or a controlled substance offense; and 3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. As to the first two elements, bank robbery is a crime of violence and the defendant was over 18 when he committed the instant offense. As to the third element, defendant's prior conviction for aggravated assault constitutes one of the predicate offenses. McQuilkin, 97 F.3d at 728. Therefore, the question is whether one of defendant's two convictions for simple assault constitutes the second predicate offense.

Section 4B1.1 states that the predicate offense must be a "prior felony conviction." Application Note 3 to section 4B1.2 states that, for purposes of determining career offender status under the guidelines, a "prior felony conviction" is one that is "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." As a second degree misdemeanor, the defendant's simple assault is punishable by a term of imprisonment for a term of more than one year. See 18 Pa. C.S.A. S 1104. Therefore, the defendant's conviction for simple assault is a felony for purposes of section 4B1.1.

The sole remaining issue is whether simple assault is a "crime of violence." A "crime of violence" includes an offense that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" or (2) ". . . involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. S 4B1.2(a). In Pennsylvania, a person is guilty of "simple assault" if he "1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another; 2) negligently causes bodily injury to another with a deadly weapon; or 3) attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa. C.S.A. S 2701(a). Because all three parts of Pennsylvania's definition of simple assault necessarily involve "conduct that presents a serious potential risk of physical injury," a conviction under the statute is one for a "crime of violence." See Pratt, 913 F.2d at 993.

3

Defendant argues his conviction for simple assault cannot constitute a predicate offense because he could have been convicted if he recklessly caused bodily injury and a conviction for reckless injury does not fit within the definition of "crime of violence." That simple assault can be committed recklessly does not mean the conduct does not present a serious potential risk of physical injury. First, the Pennsylvania penal code states "a person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct." 18 Pa. C.S.A. S 302 (1998). Second, purely reckless crimes may count as predicate offenses for purposes of career offender guideline. McQuilkin, 97 F.3d at 729; U.S. v. Parson, 955 F.2d 858, 874 (3d Cir. 1992).

Defendant also argues the sentence should be vacated because the court did not consider the facts contained in the charging documents. However, sentencing judges are not required to examine the actual underlying behavior when conducting career offender analysis. McQuilkin, 97 F.3d at 727. See also Taylor v. U.S., 495 U.S. 575, 601 (1990) ("the practical difficulties and potential unfairness of a factual approach are daunting").

The sentence entered June 4, 1998 will be affirmed.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

4