

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-11-2002

# USA v. Azcarate

Precedential or Non-Precedential:

Docket 1-2269

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Azcarate" (2002). *2002 Decisions.* Paper 114.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/114

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 01-2269



UNITED STATES OF AMERICA

v.

MAURICIO AZCARATE,
                                Appellant


On Appeal from the United States District Court
        for the District of New Jersey
             (D.C. No. 00-cr-00661)
    District Judge:  Hon. John C. Lifland


Submitted Under Third Circuit LAR 34.1(a)
             February 4, 2002

Before:  SLOVITER, AMBRO, Circuit Judges, and POLLAK, District Judge*

         (Filed:  February 7, 2002 )



MEMORANDUM OPINION OF THE COURT


_____


* Hon. Louis H. Pollak, Senior United States District Judge for the
Eastern District of
   Pennsylvania, sitting by designation.

SLOVITER, Circuit Judge.

Mauricio Azcarate appeals from the judgment of sentence. After indictment in the United States District Court for the District of New Jersey, Azcarate pleaded guilty to exporting monetary instruments of more than $10,000 in violation of 31 U.S.C. 5316 and 5324. His appeal challenges the District Court's two level sentencing enhancement under 2S1.3(b)(1) of the U.S. Sentencing Guidelines. We will affirm.

The District Court had jurisdiction under 18 U.S.C. 3231. This court enjoys jurisdiction pursuant to 28 U.S.C. 1291 and 18 U.S.C. 3742(a).

I.

Azcarate argues that the District Court erred by enhancing his sentence under U.S.S.G. 2S1.3(b)(1), which provides for a two level enhancement for a failure to report monetary transactions where the defendant "knew or believed that the funds were proceeds of unlawful activity." According to Azcarate, the government did not prove by a preponderance of the evidence that he "knew or believed that the funds were proceeds of unlawful activity."

Facts upon which sentencing determinations are made must be proven by a preponderance of the evidence. United States v. Dorsey, 174 F.3d 331, 332 (3d Cir. 1999). This court reviews a District Court's factual findings for clear error. United States v. Jarvis, 258 F.3d 235, 239 (3d Cir. 2001). "'Under the clearly erroneous standard, a finding of fact may be reversed on appeal only if it is completely devoid of a credible evidentiary basis or bears no rational relationship to the supporting data.'" United States v. Haut, 107 F.3d 213, 218 (3d Cir. 1997) (quoting American Home Products Corp. v. Barr Laboratories, Inc., 834 F.2d 368, 370-71 (3d Cir. 1987)).

On March 5, 1998, Azcarate attempted to board a non-stop flight from Newark Airport to Panama City, Panama with $133,576 in United States currency and $9,984 in unendorsed money orders hidden in his computer bag and shoes. Following his arrest, United States Customs officials repeatedly questioned him where the money he was transporting came from. At his sentencing hearing, Azcarate testified that in response to these inquiries he ultimately replied, "It probably came from drugs, it probably came from

something illegal." App. at 25. The District Court found that, "Mr. Azcarate's testimony supports a belief that the funds were proceeds of illegal activity." App. at 29.

Azcarate argues that his testimony is insufficient to support a determination that he knew or believed the money came from unlawful activity. According to Azcarate, he was speculating about the money's origin at the behest of Customs agents. Thus, at the sentencing hearing, Azcarate testified, "I do not know where [the money] actually came from. I could not prove it." App. at 23.

At the outset, we note that our clearly erroneous review is "'more deferential with respect to determinations about the credibility of witnesses.'" Newark Branch, NAACP v. City of Bayonne, 134 F.3d 113, 120 (3d Cir. 1998) (quoting United States v. Igbonwa, 120 F.3d 437, 441 (3d Cir. 1997)). To the extent the District Court's finding was based on Azcarate's testimony at the sentencing hearing, the District Court may simply have disbelieved Azcarate because of his demeanor or tone of voice.

A sentencing court may also consider evidence contained in a noticed pre-sentence report. See, e.g., United States v. Hart, 273 F.3d 363, 379 (3d Cir. 2001). According to the pre-sentence report, which Azcarate reviewed, App. at 23, upon his arrest Azcarate stated that he "knew the confiscated cash/money orders represented proceeds from drug-trafficking activity." Pre-sentence Report, 11. Azcarate also admitted that he was commissioned to transport the money in exchange for $10,000. Pre-sentence Report, 11. Furthermore, the currency Azcarate transported was in small denominations, Pre-sentence Report, 17, and his activity was commissioned by a contact he made while traveling in Colombia.

All of these facts support the trial court's determination that Azcarate believed the money he carried was from unlawful activity. Courts have considered large amounts of small denomination bills in connection with travel to Colombia to support a determination that the defendant believed the money was derived from an illicit source. See, e.g., United States v. Berrio, 77 F.3d 206, 209 (7th Cir. 1996). That Azcarate's "employer" was willing to reward him so generously for his efforts despite the availability of

considerably more economical and secure means of transferring funds
internationally
further bolsters the District Court's determination.

Based on the evidence before the sentencing court, and the
deferential stance we
adopt in applying the clearly erroneous standard of review, we cannot say
the District
Court's finding was reversible error.

                              II.

For the foregoing reasons, we will affirm the District Court's
judgment of
sentence.

_____

TO THE CLERK:

        Please file the foregoing opinion.


            /s/ Delores K. Sloviter
             Circuit Judge