

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2006

# USA v. Jarrett

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2475

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Jarrett" (2006). *2006 Decisions*. Paper 1071.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1071

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-2475

———————

UNITED STATES OF AMERICA

vs.

TODD M. JARRETT,
                                        Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 04-cr-00053 )
District Judge:   Honorable Gustave Diamond

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
May 17, 2006
Before:   RENDELL, Van ANTWERPEN, and WEIS, Circuit Judges.
Filed May 22, 2006

———————

OPINION

———————

WEIS, Circuit Judge.

        Defendant pleaded guilty to one count of possession of a firearm by a

convicted felon in violation of 18 U.S.C. § 922(g)(1).  He was sentenced to fifty-seven-

months imprisonment to be followed by a three-year term of supervised release.

1

In calculating the Guidelines range of fifty-seven to seventy-one months, the District Court determined that a 1990 conviction for indecent assault was not a crime of violence under section 4B1.2(a) of the U.S. Sentencing Guidelines. However, the District Court concluded that a conviction entered at the same time for corruption of a minor qualified as a crime of violence.

Section 4B1.2(a) of the U.S. Sentencing Guidelines defines a crime of violence as an offense under state or federal law punishable by imprisonment for a term exceeding one year, that

> "(1) has as an element, the use, attempted use or threatened use of physical force against the person of another; or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another."

U.S.S.G. § 4B1.2(a).

The District Court found that the state court information to which defendant had pleaded guilty charged that he had, or attempted to have, indecent contact with a child under the age of eighteen. The state offense carried a maximum sentence of five years imprisonment.

After concluding his review of the Guidelines computation, the district judge, recognizing the discretionary nature of post-<u>Booker</u> sentencing, announced that the Guideline would be only "<u>a</u> factor" in the sentence in addition to an independent analysis of the other factors set forth in 18 U.S.C. § 3553(a).

2

Defendant appealed, contending that the state offense does not, by its nature, present a serious potential risk of physical injury, and that by ruling that the state offense constituted a crime of violence, the District Court created a mandatory presumption that violates Due Process and the Sixth Amendment. The Court exercises plenary review over the District Court's resolution of these issues. United States v. Sczubelek, 402 F.3d 175, 178 (3d Cir. 2005); United States v. Dorsey, 174 F.3d 331, 332 (3d Cir. 1999).

We have reviewed the comprehensive and thorough Memoranda of the District Court. Bearing in mind that our task is to determine whether the sentence was reasonable, we conclude that it meets that standard. We find no violation of any constitutional right.

Accordingly, the Judgment of the District Court will be affirmed.