

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-3-2007

# USA v. Sturdivant

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1551

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Sturdivant" (2007). *2007 Decisions*. Paper 1139.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1139

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1551
_____

UNITED STATES OF AMERICA

v.

EUGENE DEWAYNE STURDIVANT,

Appellant.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 03-cr-00039)
District Judge: Hon. Donetta W. Ambrose

Submitted Under Third Circuit LAR 34.1(a)
March 29, 2007

Before:  RENDELL, BARRY, and CHAGARES, <u>Circuit Judges</u>.

_____

(Filed  May 3, 2007)

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Pursuant to a plea agreement, Eugene D. Sturdivant (Sturdivant) pled guilty to possession with intent to distribute in excess of 50 grams of crack cocaine, and was subsequently sentenced to 262 months incarceration. Sturdivant seeks to appeal his sentence on the grounds (i) that the District Court improperly classified him as a career offender based on his prior conviction for simple assault under Pennsylvania law; and (ii) that the 100:1 ratio between powder and crack cocaine in the sentencing ranges Congress has prescribed resulted in the imposition of a unreasonable sentence. Because Sturdivant's plea agreement contains an explicit waiver of his right to appeal on most grounds, and because neither of these challenges falls within the narrow category of appeal rights Sturdivant reserved, we will affirm the sentence imposed by the District Court.

I.

On June 24, 2005, Sturdivant pled guilty to a one-count indictment charging him with knowingly, intentionally, and unlawfully possessing with intent to distribute fifty (50) grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). In exchange for Sturdivant's plea of guilty, the Government agreed not to seek an elevated sentence based on one of Sturdivant's prior drug convictions, one which would have triggered a mandatory minimum sentence of twenty years

2

incarceration. Additionally, the Government agreed to a three-level downward departure for acceptance of responsibility.

At the plea hearing, the Government estimated Sturdivant's Sentencing Guideline range to be between 135 and 168 months, apparently not anticipating that the District Court might determine that Sturdivant would qualify for a career offender enhancement. However, the District Court explicitly stated that it would not be able to determine the Guideline range that would apply to Sturdivant until after the creation of a Presentence Report, which had yet to be completed at that time. The District Court also confirmed Sturdivant's desire to waive his right to appeal any sentence the District Court would impose, subject to the reservations contained in his plea agreement. Satisfied that Sturdivant's plea of guilty was knowing and voluntary, the District Court accepted Sturdivant's plea agreement and directed the preparation of a Presentence Report.

The Presentence Report determined that Sturdivant was a career offender, pursuant to U.S.S.G. § 4B1.1, due to his prior conviction for possession with intent to distribute cocaine and his conviction for simple assault under 18 Pa. C. S. § 2701.[1] This resulted in an offense level of 37 which was reduced by three levels to 34 for acceptance of responsibility. Sturdivant's status as a career offender also caused his criminal history category to rise from category IV to category VI. Based on this offense level and

---

[1] It is undisputed that the drug conviction that formed the basis for the career offender enhancement is separate and distinct from the one that the Government agreed not to introduce pursuant to the plea agreement.

criminal history category, the District Court calculated Sturdivant's Guideline range to be 262 to 327 months, and sentenced Sturdivant at the bottom of that range, to 262 months. Sturdivant now appeals.

II.

Sturdivant challenges his sentence on two grounds. First, he argues that his prior conviction for simple assault under Pennsylvania law should not count as a predicate felony sufficient to invoke career offender status under the Guidelines. Noting that simple assault is a misdemeanor, not a felony, under the laws of other jurisdictions in the Third Circuit and elsewhere, Sturdivant maintains that the District Court's treatment of his Pennsylvania simple assault conviction as a predicate felony for career offender purposes violates his Fifth Amendment Equal Protection Clause rights. Second, Sturdivant argues that the disparity in sentencing ranges associated with offenses involving powder cocaine and those involving crack cocaine runs afoul of Congress' dictate that courts should fashion sentences in a manner that avoids unwarranted disparities. See 18 U.S.C. § 3553(a)(6). In essence, then, Sturdivant challenges the District Court's calculation of his Guideline range, as well as the reasonableness of the ultimate sentence it imposed.

At the outset, we note that it is undisputed that Sturdivant's plea of guilty was knowing and voluntary. Thus, analysis proceeds to whether Sturdivant waived his right

4

to assert either or both of these challenges pursuant to his plea agreement. The plea agreement stated in pertinent part that:

> Sturdivant waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:
>
> (a) If the United States appeals from the sentence, [Appellant] may take a direct appeal from the sentence.
>
> (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, [Appellant] may take a direct appeal from the sentence.
>
> The foregoing reservations of the right to appeal on the basis of specified issues do not include the right to raise issues other than those specified.

22A.

It is undisputed that the Government has not appealed Sturdivant's sentence, and that Sturdivant's sentence does not exceed the statutory maximum stated in the United States Code. Thus, Sturdivant's appeal is barred by the terms of his plea agreement unless "the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines." Id. It is clear that Sturdivant's sentence does not "exceed the guideline range determined by the Court" -- let alone unreasonably -- as he was sentenced at the low end of the Guideline range the District Court calculated. Thus, Sturdivant's challenges to his sentence are barred by the terms of his plea agreement.

5

This does not end the analysis, however, as we have refused to enforce plea agreements if doing so would work a manifest injustice even if they were knowing and voluntary. This exception is exceedingly narrow, and operates only in "unusual circumstance[s] where an error amounting to a miscarriage of justice may invalidate the waiver." United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001). We have refused to promulgate an exhaustive list of circumstances in which we might disregard an otherwise valid waiver of appeal, preferring instead to adjudicate such claims on a case-by-case basis. See id. To make this determination, we have employed a multi-factor balancing test which takes into consideration "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Id. at 563. The question, then, is whether either or both of Sturdivant's challenges fit within the "manifest injustice" exception.

We hold that neither one does. With respect to the District Court's career offender determination, we need not engage in an extended weighing of these factors here, as it is clear that the District Court committed no error by determining that Sturdivant's prior conviction for simple assault under Pennsylvania law qualified as a predicate offense for career offender status purposes. Indeed, we have previously held that it does. See United

6

States v. Dorsey, 174 F.3d 331 (3d Cir. 1999) (affirming career offender enhancement based on Pennsylvania simple assault conviction).

The same result obtains with respect to Sturdivant's challenge based on the sentencing disparity between powder and crack cocaine.  Put simply, Sturdivant's attempt to launch a broadside attack on the respective terms of incarceration that Congress has seen fit to promulgate for powder and crack cocaine offenses is foreclosed by his broad waiver of appeal rights.

III.

For the foregoing reasons, we will affirm the sentence imposed by the District Court.