

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-21-2008

# USA v. Tucker

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3922

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Tucker" (2008). *2008 Decisions*. Paper 1558.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1558

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3922

UNITED STATES OF AMERICA

v.

ROMEL TUCKER, a/k/a Kenneth Dixon
Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 06-cr-00013-1)
District Judge:  The Honorable John R. Padova

Submitted Under Third Circuit LAR 34.1(a)
January 14, 2008

Before: BARRY, CHAGARES and ROTH, Circuit Judges

(Opinion Filed: February 21, 2008)

OPINION

BARRY, Circuit Judge

Appellant Romel Tucker pled guilty to possession of a firearm by a felon in

violation of 18 U.S.C. § 922(g)(1), and was sentenced to 84 months imprisonment and

three years supervised release. He appeals his sentence, arguing that: (1) the District Court erred in concluding that his previous convictions for conspiracy to commit robbery and simple assault were "crimes of violence" under U.S.S.G. §§ 2K2.1(a)(2) and 4B1.2(a); and (2) his sentence is unreasonable. We will affirm.

## I.

Because we write only for the parties, familiarity with the facts is presumed, and we include only those facts that are relevant to our analysis.

On November 3, 2005, Tucker was stopped by Philadelphia police for a traffic infraction. As officers approached his vehicle, he reached out the driver's side window and dropped a handgun on the street. He was placed under arrest, and a federal grand jury subsequently returned an indictment charging him with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). He pled guilty and, following a hearing on August 16, 2006, the District Court found that his previous convictions for conspiracy to commit robbery and simple assault constituted "crimes of violence" under U.S.S.G. §§ 2K2.1(a)(2) and 4B1.2(a), resulting in a Sentencing Guidelines range of 77-96 months. As noted above, the District Court imposed a sentence of 84 months imprisonment and three years supervised release. Tucker filed a timely notice of appeal.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. Our jurisdiction is premised on 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We "exercise plenary review

over a district court's interpretation of the Guidelines." *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007). "The proper construction of the term 'crime of violence' is a question of law, and our review is plenary." *United States v. McQuilkin*, 97 F.3d 723, 727 (3d Cir. 1996).

### III.

In relevant part, the Guidelines define a "crime of violence" as any offense punishable by imprisonment for more than one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 4B1.2(a)(1), as well as conspiracy to commit any such offense. *Id.* at Application Note 1. The Guidelines explicitly identify robbery as a crime of violence. *Id.*

Tucker claims that his conviction for conspiracy to commit robbery is not a crime of violence because he was convicted under a Pennsylvania statute proscribing "physically tak[ing] or remov[ing] property from the person of another by force however slight." 18 Pa. Cons. Stat. § 3701. Essentially, Tucker argues that the minimal amount of force required – "however slight" – under the statute takes his conviction outside the definition of crime of violence. This argument lacks merit. First, on its face, § 4B1.2(a)(1) includes all prior offenses punishable by imprisonment for more than one year in which the use of force is an element, and makes no distinctions based on the amount of force used. Moreover, we have held that a prior Pennsylvania robbery conviction under § 3701 "is necessarily a crime of violence,"*United States v. McAllister*,

3

927 F.2d 136, 139 n.4 (3d Cir. 1991), as is a "prior [Pennsylvania] conviction for conspiracy to commit robbery." *United States v. Preston*, 910 F.2d 81, 87 (3d Cir. 1990).

Tucker also claims that his conviction for simple assault is not a crime of violence because it is designated a misdemeanor under Pennsylvania law. As Tucker himself acknowledges, however, his argument is foreclosed by *United States v. Dorsey*, 174 F.3d 331 (3d Cir. 1999), in which we held that simple assault in Pennsylvania, notwithstanding its misdemeanor status in that state, is a crime of violence under U.S.S.G. § 4B1.2(a). *See Dorsey*, 174 F.3d at 333. To the extent that Tucker asks us to reconsider *Dorsey*, we decline to do so.

Finally, Tucker argues that his sentence is unreasonable because, assuming "these prior convictions are 'crimes of violence', they barely meet the threshold." (Appellant's Br. 10-11.) "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *Grier*, 475 F.3d at 571. The record reflects that the District Court, having adequately considered those factors and properly calculated the Guidelines range (based on its finding, with which we agree, that Tucker's convictions constitute crimes of violence), imposed a sentence that fell within that range. There is no basis to conclude that the sentence was unreasonable.

**IV.**

For the foregoing reasons, we will affirm the judgment of the District Court.