

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2008

# USA v. Green

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4219

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Green" (2008). *2008 Decisions.* Paper 1027.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1027

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4219
_____

UNITED STATES OF AMERICA

v.

JOHN GREEN, JR.,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 06-cr-00016E)
District Judge:  Honorable Sean J. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
June 2, 2008

Before:  FISHER and JORDAN, *Circuit Judges*, and YOHN,[*] *District Judge*.

(Filed:June 13, 2008)
_____

OPINION OF THE COURT
_____

[*]The Honorable William H. Yohn, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

This appeal arises out of the sentence imposed on John Green, Jr. following his guilty plea to one count of bank robbery. For the reasons that follow, we will affirm the District Court's judgment of sentence.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On March 13, 2006, John Green, Jr. entered the National City Bank at 1727 State Street in Erie, Pennsylvania and handed a bank teller a note that read, "Robbery, put money in the bag." The teller complied with Green's demand and put $4,410 into his bag.

The following day, a confidential informant tipped off Erie police that Green was the bank robber and that he was driving a Cadillac. Acting on this information, police stopped Green while driving a Cadillac, along with his girlfriend, Cindy Foreman, and detained the couple for questioning.

During questioning, Foreman indicated to authorities that Green was the bank robber they sought. Green was then arrested, and he subsequently admitted to the robbery. Green was charged with one count of bank robbery in violation of 18 U.S.C. § 2113(a), and on June 12, 2006, he pleaded guilty to that charge.

At the sentencing hearing on September 19, 2006, the District Court, in accordance with the Presentence Report, assigned Green an offense level of 29. Because of a 1998 aggravated assault conviction and two simple assault convictions (one in 1997 and one in 2006), Green was considered a career offender under Chapter Four of the Sentencing Guidelines. Combined with a criminal history category of VI, the Guidelines thus prescribed an advisory sentencing range of 151 to 188 months' imprisonment.

Green disputed his designation as a career offender and moved for a downward departure, arguing that the designation over-represented the seriousness of his past crimes and the likelihood that he would commit future ones. Green also argued for a downward variance under 18 U.S.C. § 3553(a). The District Court ultimately sentenced Green to a term of 165 months' imprisonment and three years' supervised release. Green's timely appeal followed.

II.

We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Our standard of review is abuse of discretion. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). Under this standard, we "must first ensure that the district court committed no significant procedural error" and "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

III.

A.

Green first argues that the District Court committed procedural error in applying the Guidelines' Chapter Four career offender enhancement to him. This argument is meritless. In *United States v. Dorsey*, 174 F.3d 331 (3d Cir. 1999), we held that "[b]ecause all three parts of Pennsylvania's definition of simple assault necessarily involve conduct that presents a serious potential risk of physical injury, a conviction under the statute is one for a crime of violence." *Id.* at 333 (internal quotation marks omitted). Prior to the instant offense, Green had been convicted in Pennsylvania for aggravated assault and twice for simple assault. Accordingly, Green "has at least two prior felony convictions of . . . a crime of violence." U.S.S.G. § 4B1.1(a)(3).[1] Therefore, the District Court did not err procedurally in sentencing Green as a career offender.

Nor did the District Court err in not granting a downward departure to "dilute" the career offender designation under U.S.S.G. § 4A1.3(b), which may apply where "the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." *Id.* § 4A1.3(b)(1). In describing Green's criminal past, the District Court stated:

---

[1]Also, our decision in *United States v. Otero*, 502 F.3d 331 (3d Cir. 2007), has no impact on this case because *Otero* interpreted "crime of violence" under U.S.S.G. § 2L1.2, not § 4B1.2. *See United States v. Teague*, 469 F.3d 205, 209 n.7 (1st Cir. 2006). Here, we must follow *Dorsey*, which is the decision directly on point.

"In [the 1998] case while attempting to steal cigarettes from a store, the defendant punched one of the employees several times in the head and then stabbed him in the arm with a pair of scissors. He also stabbed another employee with the scissors, and then bit that employee on the leg. . . . Simple assault in November of 2005. That involved punching his girlfriend in the eye and forehead causing swelling and redness, which, according to the report, required medical attention. . . .

[It] bespeaks to me a long and continuous history of significant criminal behavior. And far from being over-representative, career offender status, in my view, is entirely appropriate given this defendant's background. And as I said before, the simple assault conviction in 2006 and the 1998 aggravated assault, are not the only crimes of violence . . . . As I said, he was also convicted of simple assault in 1997 in connection with the security guard."

We find no error with these findings and conclusions precluding any downward departure for over-representation of Green's criminal history.

B.

Green next argues that the District Court committed procedural error by failing to provide an adequate statement of reasons for the sentence imposed. Under 18 U.S.C. § 3553(c), "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . ." At the same time, the thoroughness of that statement is generally at the sentencing court's discretion. *See Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) ("[W]e cannot read the statute (or our precedent) as insisting upon a full opinion in every case. The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. . . . The law leaves much, in this respect, to the judge's own professional judgment."); *United States v. Dragon*, 471 F.3d 501, 505-06 (3d Cir. 2006) ("Courts need only state adequate reasons

5

for a sentence on the record so that [we] can engage in meaningful appellate review."

(internal quotation marks omitted)).

In this case, the District Court provided an adequate statement of reasons to

support Green's sentence. Indeed, the District Court did so at some length:

> "I have considered all [of the § 3553(a)] factors in fashioning what I think
> is an appropriate sentence here today.
> First, the offense of bank robbery is, of course, a very serious offense
> and it is frequently very traumatizing for the bank employees who are there
> at the time. As discussed earlier in connection with, relative to the
> background of this defendant, he has been engaged in criminal activity and
> on occasion violent criminal activity most of his life. The protection of the
> public is in this case, in my view, of paramount importance. And that is in
> part based upon this defendant's previous background and, quite frankly,
> the likelihood that he would engage in further criminal activity. Deterrence
> and respect for the law are significant considerations in this case. In short,
> the message here is simple, if you rob a bank, you will be caught and the
> penalty will be severe."

We have affirmed as adequate far less detailed explanations of a sentence for purposes of

§ 3553(c), and we will do so here.[2]

## C.

Lastly, Green argues that his sentence was substantively unreasonable. His first

basis for this contention is that the time he actually served for prior state offenses was

much less than the statutory maximum for those offenses. Under his theory, a sudden and

---

[2]We confine to the margin our discussion of Green's argument that the District Court gave presumptive weight to the Guidelines. The record is abundantly clear that the Court did no such thing, as it properly treated the Guidelines as advisory, per *United States v. Booker*, 543 U.S. 220 (2005), and appropriately considered the § 3553(a) factors.

6

dramatic increase in the prison term in the federal system is more than necessary (and therefore unreasonable) to deter him from committing future offenses. But it is at least as sensible (and therefore reasonable) for the District Court to conclude that the relative harshness of a federal sentence, in light of previous and repeated mere slaps on the wrist for what state statutes deem very serious offenses, is the best way to satisfy the sentencing objectives of § 3553(a).

The second basis for Green's contention that his sentence is unreasonable is that the District Court should have considered as material the fact that simple assault in Pennsylvania is considered a felony crime of violence under the Guidelines, whereas it is not so considered in a majority of the other states. Under his theory, *Dorsey*'s treatment of simple assault in Pennsylvania as a crime of violence creates an unwarranted sentencing disparity under § 3553(a)(6). We need not decide today for all cases whether disparity in sentencing stemming from differential grading of offenses by different state statutes constitutes an "unwarranted disparity" under § 3553(a)(6).

We nonetheless believe that the District Court's individualized explanation in this case under § 3553(a) of the violent and repeated nature of Green's past offenses is logical and consistent with its judgment against leniency via downward variance. *See United States v. Vargas*, 477 F.3d 94, 100 (3d Cir. 2007) ("This Court, in *United States v. Charles*, 467 F.3d 828, 833 n.7 (3d Cir. 2006), placed the burden on the defendant to demonstrate similarity by showing that other defendants' 'circumstances exactly

paralleled' his. There has been no such showing here, and a court should not consider sentences imposed on defendants in other cases [let alone in other states] in the absence of such a showing by a party."). In other words, notwithstanding any difference between how Pennsylvania treats simple assault versus other states, the District Court reasonably weighed more heavily the facts surrounding the instances of assault (as well as attempted drug abuse, retail theft, and false identification) in Green's criminal past. *See Charles*, 467 F.3d at 833 (§ 3553(a)(6) "is just one factor (if relevant) that should be balanced against the others (again, if relevant)"). The District Court's undisputed factual findings, which are relevant to several of the § 3553(a) factors, logically and consistently justify the District Court's imposition of a within-Guidelines sentence here. Therefore, the District Court did not abuse its discretion, and it imposed a reasonable sentence.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.