

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2009

# USA v. Cedric D. Shackelfor

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4770

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Cedric D. Shackelfor" (2009). *2009 Decisions.* Paper 1219.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1219

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-4770

UNITED STATES OF AMERICA

v.

CEDRIC D. SHACKELFORD,

Appellant

On Appeal from the United States District Court
for the District of Delaware
(D.C. Crim. No. 08-00035-001)
Honorable Sue L. Robinson, District Judge

Submitted under Third Circuit LAR 34.1(a)
June 2, 2009

BEFORE: MCKEE, HARDIMAN, and GREENBERG, Circuit Judges

(Filed: June 5, 2009)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this Court on Cedric D. Shackelford's appeal from a

judgment of conviction and sentence in a criminal case entered on December 2, 2008.

Shackelford has limited his appeal to the single contention that the District Court erred as

a matter of law when it relieved the Government of its burden of establishing the basis for a 4-level guidelines enhancement that the Court used in calculating Schackelford's adjusted offense level. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

The circumstances of the case are not complex. During the execution of a search warrant at certain residential premises in Wilmington, Delaware, in which Shackelford was a tenant, the officers found, among other things, a large quantity of marijuana, miscellaneous items of drug paraphernalia, and a loaded Marlin Model 60 .22 caliber rifle. After his later arrest Shackelford admitted that he had been involved in a cocaine conspiracy with other residents of the premises and that the rifle was his. He also revealed that the officers when executing the warrant had overlooked nine ounces of cocaine concealed within the premises.

A grand jury subsequently indicted Shackelford in a two-count indictment, one count for possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and one count for unlawful possession by a convicted felon of the .22 caliber rifle in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Pursuant to a plea agreement Shackelford pleaded guilty to the weapons charge, and the cocaine charge was dismissed. Shackelford's guidelines range was 110 to 137 months calculated on a total offense level of 25 and a criminal history category of VI. However, the statutory maximum sentence for the offense was 120 months. The Court imposed a 110-month

2

custodial sentence to be followed by a 3-year term of supervised release.

The appeal centers on the circumstance that, pursuant to U.S.S.G. § 2K2.1(b)(6), the Court enhanced the base offense level of 24 by 4 levels because Shackelford possessed the rifle "in connection with" another felony case. Shackelford does not deny that he was engaging in another felony offense when he possessed the weapon and that he has the requisite history of felony convictions so that his possession of the rifle was unlawful. He contends, however, that he possessed the rifle for hunting rabbits and squirrels and, while his possession of the rifle was unlawful, he did not possess it in connection with another offense, and thus the Court erred in imposing the enhancement. In this regard, he contends that the District Court placed the burden on him to disprove that he possessed the weapon in connection with another offense contrary to our precedent in United States v. Dorsey, 174 F.3d 331, 332 (3d Cir. 1999), in which we said that "[t]he burden is on the government to prove guideline enhancements by a preponderance of the evidence."

We reject Shackelford's contention. We acknowledge that the District Court used certain language that might suggest that it placed the burden on Shackelford to prove that he did not possess the rifle in connection with another offense. But that language merely reflected the Court's commendable willingness to listen to Shackelford's argument that the obvious was not true, the obvious being that when a felon committing a drug offense possesses a loaded firearm at the place of the offense the possession is in connection with

the offense. It must be remembered that Shackelford was engaged in a drug offense, a type of offense that frequently leads to violence. He was not engaged in a nonviolent crime such a mail fraud. Clearly, the Court found by its review of the evidence that section 2K2.1(b)(6) had been satisfied, and we have no basis to reject that finding as we see no factual error in it. See United States v. Blackmon, 557 F.3d 113, 118 (3d Cir. 2009). We think it is manifest that even if Shackelford used the weapon in innocent undertakings, he would not have kept it loaded in his apartment as he could not expect to see rabbits and squirrels in such a venue.

The judgment of conviction and sentence entered December 2, 2008, will be affirmed.