**UNITED STATES of America**

v.

**Melvin STINSON, a/k/a Tank**

**Melvin Stinson, Appellant.**

No. 08–1717.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 6, 2009.

Filed July 28, 2009.

Rehearing Granted, Judgment Vacated Sept. 24, 2009.

Thomas F. Burke, Philadelphia, PA, for Appellant.

Laurie Magid, Acting United States Attorney, Robert A. Zauzmer, Assistant United States Attorney, Chief of Appeals, Maria M. Carrillo, Assistant United States Attorney, Philadelphia, PA, Attorneys for Appellee.

Before: SLOVITER, AMBRO, and JORDAN, Circuit Judges.

### OPINION OF THE COURT

SLOVITER, Circuit Judge.

### I.

Appellant Melvin Stinson, who was arrested by local police in a Philadelphia bar pursuant to an arrest warrant for failing to appear in court, was found to be in possession of 23 glass vials of cocaine base, totaling approximately 1.5 grams, and a .357 Magnum revolver. Thereafter, Stinson pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The matter is before us on Stinson's challenge to his sentence.

The PSR found Stinson to be a career offender under the 2006 United States Sentencing Guidelines based on his 1998 conviction for distribution of a controlled substance and a 1994 conviction for "simple assault." The PSR also noted that Stinson has been convicted of resisting arrest. The District Court agreed that Stinson was a career offender, and as a result, gave Stinson an enhanced offense level of 32. After deducting 3 points for acceptance of responsibility, Stinson's total offense level was 29. As a career offender, Stinson had a criminal history category of VI and received a Guidelines range of 262 to 327 months imprisonment. He was sentenced to 262 months, the bottom of the range.

Stinson now appeals that decision, claiming that the District Court (1) incorrectly considered his simple assault crime to be a crime of violence under the relevant sentencing provisions and (2) did not reasonably apply the 18 U.S.C. § 3553(a) factors when determining his sentence.[1] We will affirm.

### II.

■ "We exercise plenary review over questions of law, such as whether a crime is a crime of violence." *United States v. Hull,* 456 F.3d 133, 137 (3d Cir.2006). Although Stinson admits that the District Court's conclusion that his simple assault conviction qualified as a crime of violence was required after our precedent in *United States v. Dorsey,* 174 F.3d 331 (3d Cir.1999), and he notes in his brief that "it would seem to be difficult to distinguish *Dorsey* from the case at bar, factually," Appellant's Br. at 10, he argues only that the District Court "must make a specific finding as to whether the offense of conviction established a crime of violence by

---

1. We have jurisdiction under 18 U.S.C. § 3742.

reference to the charged conduct." Appellant's Br. at 12. Such an approach would, of course, deviate from the categorical approach that we must apply "when analyzing how state statutes fit within the Sentencing Guidelines." *United States v. Remoi,* 404 F.3d 789, 792 (3d Cir.2005).

Stinson's brief does not address the Supreme Court's opinion in *Begay v. United States,* —— U.S. ——, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), but that decision does require some discussion. *Begay* required that courts assess whether a crime alleged to create a "serious potential risk of physical injury to another" not only created the required "serious potential risk" but was also sufficiently similar to burglary, arson, extortion, or the use of explosives to qualify as a violent felony under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(1). 128 S.Ct. at 1585. Although this case involves the Guidelines, the definition of a violent felony under the ACCA is sufficiently similar to the definition of a crime of violence under the Guidelines that authority interpreting one is generally applied to the other.[2]

Because the issue of whether simple assault can still be considered a crime of violence after *Begay* is an issue that would benefit from initial briefing and exploration before a trial judge, we may decide this case on an alternative ground if we conclude that Stinson's prior conviction for resisting arrest qualifies as a crime of violence.[3] If so, it would satisfy the required predicate for career offender status.

Under the Sentencing Guidelines, Stinson is a career offender if he: (1) was at least eighteen years old when the instant offense occurred; (2) the instant offense of conviction is a crime of violence or a controlled substance offense; and (3) he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The first two requirements are satisfied and are not at issue here. We focus therefore on the third requirement.[4]

---

**2.** *United States v. Seay,* 553 F.3d 732, 738–39 (4th Cir.2009); *United States v. Herrick,* 545 F.3d 53, 58 (1st Cir.2008). *But cf. United States v. Parson,* 955 F.2d 858, 870 (3d Cir.1992)(concluding that the two definitions are "not coextensive"). Under the ACCA:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). For comparison, under the United States Sentencing Guidelines:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S. Sentencing Guidelines Manual "U.S.S.G." § 4B1.2(a) (2006).

**3.** We have previously considered this issue only in an unpublished opinion.

**4.** Stinson does not challenge that a 1998 controlled substance conviction qualifies as one of the two crimes of violence or controlled substance offenses.

A "prior felony conviction" is any "adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2 cmt. n. 1. Although Stinson's resisting arrest conviction was classified by the Pennsylvania statute as a second degree "misdemeanor," it carried a potential term of imprisonment of more than one year and therefore qualifies as a "prior felony conviction" under the Sentencing Guidelines. We must therefore consider whether Stinson's 1999 resisting arrest conviction is a crime of violence.

As relevant to this case, the Guidelines define a crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that … is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). We look to Pennsylvania law to ascertain the nature of the crime of which Stinson was convicted.

Regarding the crime of resisting arrest, the Pennsylvania Code states that:

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa. Cons.Stat. Ann. § 5104. Under Pennsylvania law, a crime is considered "a misdemeanor of the second degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than two years." 18 Pa. Cons.Stat. Ann. § 106(b)(7). Therefore, the crime of resisting arrest meets the first part of the federal definition of crime of violence because it is punishable by a period of time exceeding one year. As we now discuss, we also hold that resisting arrest meets the second part of the crime of violence definition.

First, we note that we see no difference between "a substantial risk of bodily injury" as used in the Pennsylvania statute and "a serious potential risk of physical injury" as used in the Guidelines. However, after the recent Supreme Court decision in *Begay,* our analysis must also include an examination of whether the crime at issue, resisting arrest, is sufficiently similar to the crimes of burglary of a dwelling, arson, extortion, and a crime that involves the use of explosives before we can categorize resisting arrest as a crime of violence. 128 S.Ct. at 1585.

As the Court noted in *Begay,* the listed crimes are all similar to each other in that they:

> all typically involve purposeful, "violent," and "aggressive" conduct …. *see, e.g., Taylor [v. United States,* 495 U.S. 575,] 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 [ (1990) ] ("burglary" is an unlawful or unprivileged entry into a building or other structure with "intent to commit a crime"); ALI Model Penal Code § 220.1(1) (1985) ("arson" is causing a fire or explosion with "the purpose of," *e.g.,* "destroying a building … of another" or "damaging any property … to collect insurance"); *id.,* § 223.4 (extortion is "purposely" obtaining property of another through threat of, *e.g.,* inflicting "bodily injury").

*Id.* at 1586.

Resisting arrest, as defined under Pennsylvania law, is purposeful, violent, and

aggressive. The Pennsylvania statute requires that the person act "with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty," thus signifying that the criminalized action is purposeful. 18 Pa. Cons. Stat. Ann. § 5104. We also conclude, without hesitation, that "creat[ing] a substantial risk of bodily injury," *id.,* is both aggressive and violent. We, like the First Circuit, are confident that resisting arrest, as defined by the relevant state statute, "is at least as 'aggressive' and 'violent' as burglary." *United States v. Almenas,* 553 F.3d 27, 34 (1st Cir.2009) ("Burglary ... can be described as purposeful but not, at least in most instances, as purposefully violent or necessarily aggressive.") (quoting *United States v. Williams,* 529 F.3d 1, 7 n. 7 (1st Cir.2008)). Our conclusion is also in accord with *United States v. Jennings,* 544 F.3d 815 (7th Cir.2008), another post-*Begay* case.

We therefore hold that resisting arrest under 18 Pa.C.S.A. § 5104 is a crime of violence as that term is used in U.S.S.G. § 4B1.1(a). Accordingly, Stinson has been convicted of the two requisite crimes to qualify as a career offender.

■ We are similarly unpersuaded by Stinson's argument that the District Court did not properly consider the § 3553(a) factors. Stinson's argument is, essentially, that the District Court failed to consider that "not all career criminals are born equal" and failed to treat Stinson differently than "an individual who had achieved career criminal status as the result of a string of serious cases such as murder, rape, robbery, car jacking and drugs." Appellant's Br. at 18.

The Supreme Court recently stated that, "given the straightforward, conceptually simple arguments before the judge, the judge's statement of reasons ..., though brief, was legally sufficient." *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) (holding that the level of specificity required for § 3553(a) reasons depends on the circumstances of the case and that "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation"). The Court in *Rita* held that "[t]he record makes clear that the sentencing judge listened to each argument. The judge considered the supporting evidence." *Id.* at 2469.

In this case, the District Court noted that "there were many times in which there was a fork in the road," but each time Stinson "chose to remain committed to [a] life of crime." App. at 69. The District Court also pointed out that Stinson had been found with a "substantial amount of drugs" and "a firearm which is closely associated with drug trafficking." App. at 70. It concluded that the Guidelines provided an appropriate sentence given the facts of the case. Given the straightforward argument offered by Stinson, we hold that the District Court properly considered the sentencing factors.

We will therefore affirm the sentence issued by the District Court.