OPINION OF THE COURT
FUENTES, Circuit Judge:
Appellant, Terrell Brice, pled guilty to distribution of cocaine and possession of a firearm by a convicted felon. The plea agreement allowed Brice to appeal his designation as a career offender. At sentencing, pursuant to United States Sentencing Guidelines (“U.S.S.G.”) § 4B1.1, the District Court concluded that Brice was a career offender based on his prior convictions for simple assault and for possession of a controlled substance with intent to deliver. As a career offender, Brice faced an advisory Guidelines range of 262 to 327 months imprisonment. On appeal, Brice contends that after the Supreme Court’s recent decision in Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), simple assault does not qualify as a crime of violence as that term is defined in the career offender Guideline, U.S.S.G. § 4B1.2(a). For the reasons that follow, we will vacate Brice’s sentence and remand for resentencing in accordance with this opinion and our recent prece-dential opinion in United States v. Johnson, 587 F.3d 203 (3d Cir.2009).[1]
I.
Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for the resolution of the case.
Brice was charged in a three-count Indictment as follows: distribution of co *300 caine, in violation of 21 U.S.C. § 841(a)(1) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Two); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). At his trial, the jury was unable to reach a unanimous verdict, and the District Court declared a mistrial. A second trial was scheduled, but before the retrial, Brice opted to plead guilty to Counts One and Three. In his plea agreement, Brice reserved the right to appeal his designation as a career offender.
Brice’s Presentence Report (“PSR”) listed three prior adult convictions: a 1999 conviction for simple assault, a 2000 conviction for possession of a controlled substance with intent to deliver, and a 2003 conviction for possession of a controlled substance and for flight from the police. The Probation Office concluded that two of these three offenses — the conviction for simple assault and the conviction for possession of a controlled substance with intent to deliver — served as predicate offenses for purposes of the career offender Guideline, U.S.S.G. § 4B1.1.[2] As a career offender, Brice had an offense level of 34 and a criminal history category of VI, resulting in an advisory Guidelines range of 262 to 327 months imprisonment. Absent career offender status, Brice’s offense level would have been 24 and his criminal history category IV, resulting in an advisory Guidelines range of 77 to 96 months imprisonment.
At the sentencing hearing, Brice objected to his classification as a career offender, arguing that his conviction for simple assault did not qualify as a crime of violence for the purpose of designation as a career offender under the Sentencing Guidelines.[3] In particular, Brice asserted that under the Supreme Court’s recent decision in Begay, simple assault was not a crime of violence as it was not “roughly similar, in kind as well as in degree of risk posed” to the crimes enumerated in the definition of a crime of violence.[4] Begay, 128 S.Ct. at 1585, 128 S.Ct. 1581 (citations omitted). The District Court rejected this argument and ruled that simple assault qualified as a crime of violence under Begay and our pre-Begay case law. Brice, accordingly, was sentenced as a career offender. The *301 District Court varied downward from the advisory Guidelines range of 262 to 327 months imprisonment and imposed a sentence of 180 months imprisonment.
II.
The outcome of the instant case is controlled by our recent precedential opinion in Johnson, in which we examined the precise question presented by Brice’s appeal. In Johnson, as in this case, the government conceded that if the simple assault had been committed recklessly, it would not be a crime of violence following Begay. Johnson, 587 F.3d at 209-10. (Gov’t Br. 21-22.) We held, however, that if the simple assault was knowing or intentional, it would “present a degree of risk similar to that presented by the enumerated crimes and also be similar in kind to those offenses” and thus would qualify as a crime of violence under the definition in the career offender Guideline, U.S.S.G. § 4B1.2(a)(2). Johnson, 587 F.3d at 211. Accordingly, we remanded for resentencing and instructed the district court to determine the mens rea for the simple assault offense to which Johnson pled guilty. Id. at 213. Under the categorical approach, such an inquiry is limited to the documents outlined by the Supreme Court in Shepard v. United States — “ ‘the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.’ ” Id. at 208 (quoting Shepard, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)).
In the instant case, the government argues that remand is appropriate to allow the District Court to ascertain the mens rea of Brice’s prior conviction for simple assault, if possible, from the limited universe of documents approved in Shepard. (Gov’t Br. 25-26.) The government further acknowledges that, as of the time that its brief was prepared, it possessed only the charging document for the simple assault conviction and admits that “[i]f this is the only available record pertinent to the inquiry, the government will have to concede that it cannot establish that Brice was necessarily convicted of a crime of violence predicate.” (Id. at 26, 125 S.Ct. 1254.) The government was seeking, however, to obtain the transcript of Brice’s simple assault bench trial. Under Shepard, on remand, the District Court can consider “a bench-trial judge’s formal rulings of law and findings of fact....” 544 U.S. at 20, 125 S.Ct. 1254. The approach advocated by the government is the correct one and is in accordance with our opinion in Johnson.
III.
For the foregoing reasons, we vacate the sentence imposed by the District Court and remand for resentencing in accordance with this opinion and with Johnson. The resentencing proceeding is limited to an inquiry into the mens rea characterizing Brice’s prior conviction for simple assault. If, upon examination of the documents permitted by Shepard, the District Court determines that the simple assault was committed intentionally or knowingly, the conviction may serve as a predicate offense for purposes of career offender status. If, however, the District Court finds that the simple assault was committed recklessly or if the District Court cannot conclusively determine the mens rea, Brice’s conviction for simple assault will not qualify as a crime of violence under U.S.S.G. § 4B1.2(a) and thus will not serve as a career offender predicate offense under § 4Bl.l(a).

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review over a district court’s rulings on questions of law and over a district court's interpretation of the Sentencing Guidelines. United States v. Doe, 564 F.3d 305, 307 n. 2 (3d Cir.2009); United States v. Mateo, 560 F.3d 152, 154 (3d Cir.2009). “Whether a particular crime constitutes a crime of violence is a question of law and the Court’s review is plenary.” United States v. Dorsey, 174 F.3d 331, 332 (3d Cir.1999).

. In relevant part, U.S.S.G. § 4B1.1 provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.”

. In Pennsylvania, a person is guilty of simple assault if he:
(1) attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another;
(2) negligently causes bodily injury to another with a deadly weapon; [or]
(3) attempts by physical menace to put another in fear of imminent serious bodily injury; or
(4)conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of an correctional institution, county jail or prison, detention facility or mental hospital during the course of an arrest or any search of the person.

.The term "crime of violence” is defined in U.S.S.G. § 4B 1.2(a) as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that ... has as an element the use, attempted use, or threatened use of physical force against the person of another, or ... is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.”