# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————————

No. 09-1486

—————————

United States of America,  *

                    *

    Plaintiff - Appellee,  *

                    *  Appeal from the United States

v.  *  District Court for the

                    *  Eastern District of Missouri.

Robert Charles Hennecke, III,  *

                    *

    Defendant - Appellant.  *

—————————

Submitted:  September 24, 2009
Filed:  January 8, 2010

—————————

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

—————————

LOKEN, Chief Judge.

Robert Charles Hennecke, III, pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  In determining his sentence, the district court[1] concluded that Hennecke has two prior felony convictions for crimes of violence, triggering an enhancement under U.S.S.G. § 2K2.1(a)(2) which resulted in an advisory guidelines sentencing range of 77 to 96 months in prison. Hennecke appeals his 77-month sentence, arguing that his prior Missouri conviction for felony stealing from a person is not a crime of violence under the residual, "otherwise

—————————

[1]The HONORABLE STEPHEN N. LIMBAUGH, Jr., United States District Judge for the Eastern District of Missouri.

involves" clause of § 4B1.2(a)(2). Reviewing this issue *de novo*, we affirm. See United States v. Hudson, 577 F.3d 883, 884 (8th Cir. 2009) (standard of review).

The Guidelines define "crime of violence" as any offense under federal or state law punishable by imprisonment for a term exceeding one year that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The prior conviction at issue was for committing a Missouri felony stealing offense. The multi-part statute, Mo. Rev. Stat. § 570.030, broadly defines stealing as "appropriat[ing] property or services of another with the purpose to deprive him or her thereof . . . without his or her consent." § 570.030.1. Absent an aggravating factor, stealing in violation of § 570.030 is a misdemeanor. Hennecke was charged with appropriating money "by physically taking it from the person of Amanda Lewis . . . without . . . consent . . . and with the purpose to deprive her thereof," a violation of Mo. Rev. Stat. § 570.030.3(2), which is a Class C felony.

A conviction for violating § 570.030.3(2) requires proof that the defendant "physically" took property "from the person of the victim." State v. Tivis, 884 S.W.2d 28, 31-32 (Mo. App. 1994). Thus, one question is whether this offense "has as an element the use, attempted use, or threatened use of physical force against the person of another" within the meaning of § 4B1.2(a)(1). See United States v. Sawyer, No. 09-1367, slip op. at 11-12 (8th Cir. Dec. 3, 2009) (concluding that attempted robbery is such a crime of violence). Many cases have construed this use-of-force requirement as satisfied even if a felony offense requires proof of only slight illegal touching of the victim. See United States v. Tucker, 266 F. App'x 120, 121 (3rd Cir.

2008) ("force however slight" is sufficient); <u>United States v. Young</u>, 527 F.3d 1274, 1278 (11th Cir.), <u>cert. denied</u>, 129 S. Ct. 616 (2008) ("minimal contact" of using fluids to batter a child "satisfies the requirement of physical force"); <u>United States v. Nason</u>, 269 F.3d 10, 16 (1st Cir. 2001) (physical force is "power, violence, or pressure directed against another person's body"); <u>United States v. Smith</u>, 171 F.3d 617, 621 n.2 (8th Cir. 1999) (offensive physical contact "by necessity, requires physical force to complete"). But there is contrary authority. <u>See</u> <u>United States v. Evans</u>, 576 F.3d 766, 767-768 (7th Cir. 2009) ("physical contact of an insulting or provoking nature," such as spitting, does not have use of force as an element); <u>United States v. Mathis</u>, 963 F.2d 399, 407 (D.C. Cir. 1992) (18 U.S.C. § 924(e)(2)(B)(i) does not include "felonies in which the use of force was *de minimis*").

The Supreme Court currently has this issue under consideration. <u>United States v. Johnson</u>, 528 F.3d 1318, 1320-1321 (11th Cir. 2008), <u>cert. granted</u>, 129 S. Ct. 1315 (2009). The Court heard argument on October 6, 2009. <u>See</u> 2009 WL 3187228 (U.S.). We will not attempt to anticipate the Court's resolution of the issue. However, even if the Missouri offense at issue does not include the use-of-force element required under § 4B1.2(a)(1), it may still be a crime of violence under the residual clause of § 4B1.2(a)(2), as the district court ruled. Accordingly, we turn to that issue.

Prior to the Supreme Court's decision in <u>Begay v. United States</u>, 128 S. Ct. 1581 (2008), we applied the residual "otherwise involves" clause in § 4B1.2(a)(2) by determining whether the elements of the prior offense involve conduct that necessarily presents a serious potential risk of physical injury to another. <u>Hudson</u>, 577 F.3d at 884-885. Applying this standard, we held that a felony conviction for stealing from a person was a "violent felony" within the meaning of the identical residual clause in 18 U.S.C. § 924(e)(2)(B)(ii). <u>See</u> <u>United States v. Strong</u>, 415 F.3d 902, 908 (8th Cir. 2005) (Missouri offense), <u>cert. denied</u>, 546 U.S. 1130 (2006); <u>United States v. Griffith</u>, 301 F.3d 880, 885 (8th Cir. 2002) (comparable Iowa offense), <u>cert. denied</u>,

537 U.S. 1225 (2003).[2] These prior decisions are controlling unless implicitly overruled by the decision in Begay.

In Begay, the Supreme Court held that felony DWI is not a violent felony conviction for purposes of the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii). The Court limited those offenses to felonies "that are roughly similar, in kind as well as in degree of risk posed, to the enumerated crimes in that they typically involve purposeful, violent, and aggressive conduct." Hudson, 577 F.3d at 885 (quotations from Begay omitted).[3] Crimes committed in this manner, the Court explained, are "potentially more dangerous when firearms are involved" and "are characteristic of the armed career criminal, the eponym of the statute." 128 S. Ct. at 1586, quoting United States v. Begay, 470 F.3d 964, 980 (10th Cir. 2006) (McConnell, J., dissenting). Some months later, citing Begay, the Court held that the felony of failing to report for penal confinement is not a violent felony for purposes of § 924(e)(2)(B)(ii) because it is "less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody." Chambers v. United States, 129 S. Ct. 687, 691 (2009).

In United States v. Williams, 537 F.3d 969, 974 (8th Cir. 2008), we applied the Court's analysis in Begay and concluded that another Missouri felony stealing offense -- stealing an automobile without consent in violation of Mo. Rev. Stat. § 570.030.3(3)(a) -- is not a crime of violence because, while it "may involve some potential for confrontation, it does so to a far lesser extent" than the enumerated crime of burglary, and it involves less violent and aggressive conduct than stealing a car by

---

[2]Given their nearly identical definitions, we construe the statutory term "violent felony" and the Guidelines term "crime of violence" as interchangeable. United States v. Williams, 537 F.3d. 969, 971 (8th Cir. 2008).

[3]With one exception not material in this case, 18 U.S.C. § 924(e)(2)(B)(ii) and § 4B1.2(a)(2) of the Guidelines list identical enumerated crimes -- burglary, arson, extortion, and crimes involving the use of explosives.

force.  Hennecke argues that our decision in <u>Williams</u> is controlling here because the offense of felony stealing from a person is likewise not sufficiently violent and aggressive to qualify as a crime of violence.  We disagree.[4]

Neither <u>Begay</u> nor <u>Williams</u> overruled our prior rulings that, because of the risk of confrontation with the victim, "the crime of theft from a person involves conduct that presents a serious risk of physical injury."  <u>Strong</u>, 415 F.3d at 908.  That continues to be the first part of the two-part analysis under <u>Begay</u>.  Thus, the critical question is whether this crime satisfies the second part of the analysis required by <u>Begay</u> because it is as "purposeful, violent, and aggressive" as at least one of the crimes enumerated in U.S.S.G. § 4B1.2(a)(2).

We think it apparent that felony stealing from a person involves purposeful conduct similar to the enumerated offense of burglary.  But is the conduct sufficiently violent and aggressive?  Hennecke argues that felony stealing from a person is not a crime of violence because it includes surreptitious, nonviolent conduct like pickpocketing and purse snatching.  In support of this argument, he correctly notes that, under Missouri law, felony stealing from a person is a lesser included offense of second degree robbery, Mo. Rev. Stat. § 569.030, which requires proof of the use or threatened use of force and is therefore a crime of violence under § 4B1.2(a)(1).  <u>See</u> <u>Patterson v. State</u>, 110 S.W.3d 896, 901 (Mo. App. 2003).

This argument has some force, but we conclude that the Court in <u>Begay</u> was not limiting the term violent felony in 18 U.S.C. § 924(e)(2)(B)(ii) to offenses in which violence was actually employed or threatened.  That is the distinction between

---

[4]We reject Hennecke's contention that <u>Williams</u> is controlling simply because both cases involve "stealing" offenses under Mo. Rev. Stat. § 570.030.  For purposes of the enhanced federal penalties in 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.1, stealing from a person in violation of Mo. Rev. Stat. § 570.030.3(2) is not the same felony offense as stealing an automobile without consent in violation of § 570.030.3(3)(a).

committing the Missouri offense of second degree robbery and the lesser included offense of felony stealing from a person. Rather, the Court in Begay was limiting the term violent felony to crimes that, in the words of an earlier decision, "involve the *possibility of . . . closely related, active violence*." United States v. Doe, 960 F.2d 221, 225 (1st Cir. 1992) (emphasis added), a decision authored by Justice Breyer as circuit judge that was later quoted by the Supreme Court in Leocal v. Ashcroft, 543 U.S. 1, 11 (2004), and cited in Judge McConnell's Tenth Circuit dissent in Begay, 470 F.3d at 980. That this is the proper interpretation of the Court's reference to violent and aggressive conduct in Begay is further supported by the Court's decision, just one year earlier, that *attempted* burglary is a violent felony for purposes of the residual clause because it poses the same kind of risk of physical injury as the enumerated offense of completed burglary:

> The main risk of burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party . . . . That is, the risk arises . . . from the possibility that an innocent person might appear while the crime is in progress.

James v. United States, 550 U.S. 192, 203 (2007). The Court cited James favorably both in Begay and in Chambers.

Physically stealing from a person poses the same risk of violent confrontation with the victim or a third person as attempted or completed burglary. Burglary, like pickpocketing and purse snatching, is often a stealthy crime in which the offender hopes to avoid detection but must be prepared for the homeowner or a security guard or a passerby to intervene. Likewise, physically stealing from a person, no matter how surreptitiously intended, always poses a risk that the victim of this direct, unlawful contact will detect what is happening, resulting in a violent face-to-face confrontation. As the Seventh Circuit said in comparing the risk of violence between generic burglary and theft from a person:

> People may dig in their heels (or frighten more easily) when cornered indoors, so the risk that violence will erupt may be greater when a burglar encounters a householder than when a thief makes off with a purse or bicycle. But the thief is eight times more likely to encounter the victim in these street crimes than in burglaries, so the expected risk is substantial even if the risk per encounter is lower . . . .

United States v. Howze, 343 F.3d 919, 923 (7th Cir. 2003). Unlike a thief or a joyrider who steals an unattended car, the thief who physically steals from a person demonstrates a willingness to risk an immediate altercation with his victim.

As with attempted or completed burglary, "awareness of th[e] possibility [of discovery] may mean that [one who steals from a person] is prepared to use violence if necessary to carry out his plans or to escape." United States v. Taylor, 495 U.S. 575, 588 (1990). This demonstrated willingness to risk violence creates a greater risk that the felon now in possession of a firearm would use that weapon in the commission of another crime. Thus, the offense of physically stealing from a person is squarely within the ambit of the crimes of violence that § 4B1.2(a) was intended to include -- prior felonies that evidence a greater danger to society if the felon subsequently possesses a firearm. Begay, 128 S. Ct. at 1587. Therefore, applying the analysis mandated by Begay and James, we conclude that felony theft from a person poses a risk of violent confrontation with the victim or a third person at least equal to that posed by attempted burglary. We therefore reaffirm our prior decisions that this is a crime of violence under the residual clauses of U.S.S.G. § 4B1.2(a)(2) and 18 U.S.C. § 924(e)(2)(B)(ii).

The judgment of the district court is affirmed.

_____