# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3333

_____

| | | |
|---|---|---|
| Michael Eugene Seebeck, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| United States of America, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: June 16, 2010
Filed:  August 9, 2010

_____

Before LOKEN, ARNOLD and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A federal grand jury returned a superseding indictment charging Michael Seebeck with numerous drug offenses.  Pursuant to a plea agreement with the Government, Seebeck pled guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and waived his right to appeal a sentence of 188 months or less.

The Presentence Investigation Report ("PSR") classified Seebeck as a career offender under U.S.S.G. § 4B1.1, and calculated an offense level of 29, a criminal history category of VI, and an advisory sentencing guidelines range of 151 to 188

months.  Seebeck's career offender status was based on his August 2003 conviction for second-degree assault and his November 2003 conviction for fleeing a peace officer in a motor vehicle in Minnesota.  At the March 17, 2008 sentencing hearing, the district court adopted the PSR's calculation of the advisory guidelines range and sentenced Seebeck to 151 months' imprisonment.  No direct appeal was filed.

Less than a month after Seebeck was sentenced, the Supreme Court decided *Begay v. United States*, 553 U.S. 137 (2008).  In *Begay*, the Court addressed how to determine whether an offense qualifies as a "violent felony" under the "otherwise" clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e).  Section 924(e)(2)(B)(ii) defines "violent felony" to include "burglary, arson, or extortion, [and crimes that] involve[] use of explosives, or otherwise involve[] conduct that presents a serious potential risk of physical injury to another."  The Supreme Court observed in *Begay* that the example crimes listed in § 924(e)(2)(B)(ii) "typically involve purposeful, violent, and aggressive conduct," 553 U.S. at 144-45 (citation and internal quotation marks omitted), and announced that in applying the "otherwise" clause, courts "should read the examples as limiting the crimes that clause (ii) covers to crimes that are roughly similar, in kind as well as in degree of risk posed, to the examples themselves," *id.* at 143.  Because the definitions of "violent felony" in § 924(e) and "crime of violence" in U.S.S.G. § 4B1.2 are nearly identical, the holding in *Begay* is relevant to determining whether a defendant is a career offender under the sentencing guidelines.  *See United States v. Hennecke*, 590 F.3d 619, 621 n.2 (8th Cir. 2010), *petition for cert. filed*, --- U.S.L.W. --- (U.S. Mar. 30, 2010) (No. 09-9972).

On November 10, 2008, Seebeck filed a pro se motion to vacate, correct, or set aside the sentence under 28 U.S.C. § 2255, arguing that his conviction for fleeing a peace officer in a motor vehicle is not a "crime of violence," and that he therefore should not have been sentenced as a career offender.  On August 13, 2009, the district

court denied Seebeck's motion, concluding that Seebeck's failure to challenge his career offender classification in a direct appeal "constitutes a procedural default."[1]

Seebeck, still acting pro se, filed a motion to alter or amend the denial of his § 2255 motion under Federal Rule of Civil Procedure 59(e), arguing that *Begay* applies retroactively to cases on collateral review. While Seebeck's motion to alter or amend was pending before the district court, we decided *United States v. Tyler*, 580 F.3d 722 (8th Cir. 2009). There, applying the principles set out in *Begay*, we held that the Minnesota crime of fleeing a peace officer in a motor vehicle —the same crime for which Seebeck was convicted in November 2003—does not constitute a "crime of violence." *Id.* at 726.

In a subsequent order, the district court granted a certificate of appealability, "based on the recent Eighth Circuit Court of Appeals decision in *United States v. Tyler*," on the following issue: "[W]hether the holding of [*Begay*] applies retroactively, permitting Petitioner to collaterally attack his designation as a Career Offender, in spite of Petitioner's failure to file a direct appeal on this issue and the passage of more than one year since entry of judgment in Petitioner's case." In the same order, the district court denied Seebeck's motion to alter or amend without further discussion.

---

[1]Noting that Seebeck had not addressed "cause, prejudice, or actual innocence in his § 2255 motion," the district court concluded that it could not "excuse the procedural default on these bases." Seebeck did, however, argue in his § 2255 motion that his attorney provided ineffective assistance, which can excuse a procedural default. *See Becht v. United States*, 403 F.3d 541, 544-45 (8th Cir. 2005). Citing *United States v. Kendrick*, 423 F.3d 803, 809 (8th Cir. 2005) (holding that the Oregon crime of fleeing a police officer in a motor vehicle is a crime of violence under U.S.S.G. § 4B1.1), the district court concluded that Seebeck had not shown prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984).

"[A] district court has broad discretion to alter or amend a judgment under Rule 59(e), and we will reverse only for a clear abuse of discretion." *SFH, Inc. v. Millard Refrigerated Servs., Inc.*, 339 F.3d 738, 746 (8th Cir. 2003) (citing *Innovative Home Health Care, Inc. v. P.T.O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "A district court abuses its discretion when it bases its decision on a legal error or a clearly erroneous finding of fact." *United States v. Bailey*, 571 F.3d 791, 804 (8th Cir. 2009) (quoting *Roach v. Stouffer*, 560 F.3d 860, 863 (8th Cir. 2009)).

Because the district court failed to offer any analysis in its order, we can only surmise that its denial of Seebeck's motion to alter or amend was based on an implicit finding that *Begay* does not apply retroactively to cases on collateral review.[2] Not only does the Government concede on appeal that *Begay* is retroactively applicable, but we recently held that "the rule in *Begay* is applicable retroactively to cases on collateral review," *Sun Bear v. United States*, --- F.3d ---, 2010 WL 2813620 at *4 (8th Cir. July 20, 2010). The district court's contrary ruling was legal error and thus a clear abuse of discretion. *See Bailey*, 571 F.3d at 804.

For the foregoing reasons, we vacate the district court's order denying Seebeck's motion to alter or amend and remand for further proceedings.

LOKEN, Circuit Judge, dissents.

_____

[2]We are puzzled by the district court's reference to "the passage of more than one year since entry of judgment in [Seebeck's] case." The district court sentenced Seebeck on March 17, 2008, and Seebeck filed his § 2255 motion on November 10, 2008, less than eight months later. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."). The district court denied Seebeck's § 2255 motion on August 13, 2009, and Seebeck filed his motion to alter or amend on August 26, 2009, well within the 28-day period prescribed by Federal Rule of Civil Procedure 59(e).