# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1790

_____

United States of America,                *
                                            *

       Plaintiff - Appellee,        *
                                            *   Appeal from the United States

v.                           *   District Court for the Eastern
                                          *   District of Missouri.

Kevin Presberry,               *
                                            *   [UNPUBLISHED]

       Defendant - Appellant.     *

_____

Submitted: January 13, 2011
Filed: January 19, 2011

_____

Before MURPHY, HANSEN, and MELLOY Circuit Judges.

_____

PER CURIAM.

Kevin M. Presberry pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court[1] imposed an enhancement under U.S.S.G. § 2K2.1(b)(6) for possessing a firearm in connection with another felony and also found that Presberry's previous Missouri conviction for stealing from a person was a crime of violence. It sentenced Presberry to 84 months, the bottom of his advisory guideline range. On appeal, Presberry argues that those

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

two findings are clearly erroneous. He also argues that the felon in possession statute violates the Second Amendment. We affirm.

## I.

Over Presberry's objection, the district court found the following facts at Presberry's sentencing hearing. At about 10:00 p.m. on March 7, 2009, a woman customer of Commerce Bank in Clayton, Missouri drove up to the bank's exterior automatic teller machine to make a withdrawal. As she was completing her transaction, she noticed a figure approaching her car from the rear of the driver side. He wore dark clothing, a dark colored baseball cap with gold lettering, and a mask over his face. His hands were in the pockets of his jacket. Concerned that she was about to be robbed, the woman quickly drove away and alerted a nearby police officer. Within 30 seconds, the officer responded and observed an individual, later identified as Presberry, walking away from the bank. He was dressed in dark jeans, a dark baseball cap, and a black jacket, and he had both hands in his pockets.

After arresting Presberry on suspicion of bank robbery, the officer discovered a loaded revolver in one of his jacket pockets. The officer arranged a drive by identification with the victim, who identified Presberry as her assailant based on his clothing. Several days later, Presberry's car was searched after he was arrested on a failure to appear warrant in a separate incident. A bag in his trunk contained another loaded revolver, a black ski mask, a black bandana, and black gloves.

Since Presberry had previously been convicted of the Missouri felony of stealing from a person, the government charged him with two counts of being a felon in possession of a firearm. In exchange for dismissing the second count, Presberry pled guilty while reserving the right to argue that the § 2K2.1(b)(6) adjustment did not apply and that his Missouri conviction was not a crime of violence. At sentencing the district court found that Presberry possessed the firearm "in connection with" the

attempted robbery and that his prior Missouri conviction was a crime of violence. Applying those findings, it calculated an advisory guideline range of 84 to 105 months, sentencing him to the bottom of the range. Presberry now appeals.

II.

Presberry first challenges the district court's application of U.S.S.G. § 2K2.1(b)(6). We review the district court's application of the sentencing guidelines de novo and its supporting factual findings for clear error. United States v. Mangum, 625 F.3d 466, 467 (8th Cir. 2010). Presberry suggests that the district court clearly erred in applying the four level enhancement under U.S.S.G. § 2K2.1(b)(6) for possessing a firearm "in connection with" another felony because there was insufficient evidence that "another felony offense occurred." He suggests that there is no factual support for the enhancement because the woman reported a crime "that had not occurred" and because "no firearm or weapon was displayed."

We disagree. Under § 2K2.1(b)(6), a firearm is possessed "in connection with" another felony offense if its presence "facilitated or had the potential to facilitate" that offense. Mangum, 625 F.3d at 467, citing U.S.S.G. § 2K2.1, cmt. n. 14(A). The enhancement does not apply if a firearm was present at the crime scene only because of mere accident or coincidence." If the defendant keeps a firearm "at an easily accessible location" while committing a felony offense, however, a sentencing court may infer that the firearm "emboldened the defendant to engage in the illegal act." Id. at 467–68, citing United States v. Guiheen, 594 F.3d 589, 591 (8th Cir. 2010).

Here, the district court did not clearly err in finding that Presberry possessed the loaded revolver "in connection with" the attempted armed robbery. As the government correctly notes, attempted armed robbery is a felony in Missouri. See Mo. Rev. Stat. §§ 564.011.3, 569.020.2. Presberry need not have completed an actual robbery for the enhancement to apply. Similarly, he need not have actually displayed

the revolver to have used it "in connection with" the attempted armed robbery. All that § 2K2.1(b)(6) requires is that a firearm's presence "facilitated or had the potential to facilitate" the felony offense. A revolver is particularly suited to facilitate a bank robbery in circumstances such as presented here. The district court did not clearly err in applying the § 2K2.1(b)(6) enhancement.

III.

Presberry also argues that his prior Missouri conviction for stealing from a person is not a crime of violence, and thus that his base offense level should have been reduced four levels. See U.S.S.G. § 2K2.1(a). Whether a particular conviction constitutes a crime of violence is a question of law we review de novo. See United States v. Hennecke, 590 F.3d 619, 620 (8th Cir. 2009).

Presberry's argument is foreclosed by our decision in Hennecke, in which we held that the Missouri felony of stealing from a person is a crime of violence for purposes of the sentencing guidelines. See 590 F.3d at 623–24. At sentencing, the government presented a charging document indicating that Presberry had been found guilty of felony stealing from a person. After Hennecke, the district court was bound to conclude that such offense was a crime of violence. The district court did not clearly err in assigning Presberry a base offense level of 24 under § 2K2.1(a)(2).

IV.

Finally, Presberry argues that the felon in possession statute violates the Second Amendment. We reject this argument for reasons we have stated previously. See United States v. Seay, 620 F.3d 919, 923–25 (8th Cir. 2010), and cases cited.

Accordingly, the judgment of the district court is affirmed.

_____