# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

———————————

No. 10-3154

———————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| James A. Scudder, | * | |
| | * | |
| Appellee. | * | |
| | * | |

———————————

Submitted: April 14, 2011
Filed: August 4, 2011

———————————

Before LOKEN and MURPHY, Circuit Judges, and JARVEY,[1] District Judge.

———————————

JARVEY, District Judge.

——————————————

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

Appellant James Scudder pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 922(a)(2). The district court[2] concluded that he was an armed career criminal under 18 U.S.C. § 924(e)(1), and sentenced him to 188 months in prison, the bottom of the Sentencing Guidelines range. Scudder appeals his sentence, arguing that his two prior convictions for felony child molestation are not predicate violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

Because we find that Scudder's convictions for felony child molestation are categorically violent felonies under the ACCA, we affirm his sentence.

## I. BACKGROUND

At sentencing, the district court found that Scudder had three predicate ACCA convictions, a Missouri conviction for possession of paraphernalia with intent to manufacture methamphetamine and two Indiana convictions for felony child molestation. To determine that Scudder's molestation convictions were "violent felonies" within the meaning of the ACCA, the district court looked not only to the statute of conviction but also to an affidavit of probable cause submitted in support of the Indiana prosecutor's information, which was introduced by the government at sentencing. That affidavit contained a law enforcement officer's report from an interview with one of Scudder's victims, who stated that both molestations were, in fact, violent. The district court explicitly relied on this affidavit after concluding that the statute of conviction covered both violent and non-violent felonies. As a result, Scudder was sentenced pursuant to the ACCA ten-year mandatory minimum and a thirteen-level increase to his base offense level.

---

[2] The Honorable Richard E. Dorr, Western District of Missouri.

Scudder concedes that his Missouri drug conviction is a predicate ACCA offense, but he contends that his Indiana child molestation convictions are categorically non-violent felonies and that the district court erred by looking to anything beyond the statute of conviction. In the alternative, Scudder argues that, even if the relevant statute applies to violent and non-violent conduct, the district judge erred by relying upon the affidavit introduced at sentencing.

## II. DISCUSSION

"We review *de novo* a district court's determination that a defendant's prior conviction constitutes a violent felony for purposes of § 924(e)." *United States v. Abari*, 683 F.3d 847, 848 (8th Cir. 2011) (quoting *United States v. Boaz*, 558 F.3d 800, 806 (8th Cir. 2009)) (internal quotations omitted).

The ACCA mandates a fifteen-year minimum prison term for felons who unlawfully possess a firearm following three convictions for serious drug felonies or violent felonies committed on separate occasions. 18 U.S.C. § 924(e)(1). Additionally, the Sentencing Guidelines impose an offense-level enhancement upon any defendant who qualifies for the ACCA mandatory minimum. U.S.S.G. § 4B1.4. Section 924(e)(2)(B) defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

We use a "categorical approach" to determine whether a conviction is a violent felony under the ACCA, meaning we look only to the statute of conviction and not to the facts underlying it. *Sykes v. United States*, 131 S. Ct. 2267, 2272 (2011) (quoting *James v. United States*, 550 U.S. 192, 202 (2007)) . "[W]e consider whether the *elements of the offense* are of the type that would justify its inclusion [as a violent

felony] . . . without inquiring into the specific conduct of this particular offender." *Id.* (quoting *James*, 550 U.S. at 202). Only if the statute is overinclusive by "prohibit[ing] both conduct that does and does not qualify as a violent felony under the ACCA," do we look to the judicial record, such as the charging papers, plea agreement, jury instructions, or plea colloquy, to determine whether the offense qualifies as a violent felony in a particular instance. *United States v. Lee*, 625 F.3d 1030, 1033 (8th Cir. 2010); *United States v. Parks*, 620 F.3d 911, 913 (8th Cir. 2010).

Scudder was convicted of felony child molestation pursuant to the 1981 version of Indiana Code 35-42-4-3, which provides:

> A person sixteen (16) years of age, or older who, with a child twelve (12) years of age or older but under sixteen (16) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class D felony. However, the offense is a Class B felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon.

Ind. Code § 35-42-4-3 (1981). Defendant's convictions are two Class D felonies, which do not have physical force as an element of the crime and therefore do not qualify as violent felonies under § 924(e)(2)(B)(i).[3] Scudder's convictions are also

---

[3] Scudder relies on *Johnson v. United States*, 130 S. Ct. 1265 (2010), to argue that his convictions are not for violent felonies because Ind. Code § 35-42-4-3 is satisfied by only minimal touching. In *Johnson*, the Court concluded that § 924(e)(2)(B)(i)'s "physical force" requirement means "violent force – that is, force capable of causing physical pain or injury to another person." 130 S. Ct. at 1271. The Court then reversed a sentence enhanced under the ACCA because one of the defendant's predicate convictions was for violation of a Florida battery statute, which the Florida Supreme Court had decided was satisfied by "*any* physical contact, no

-4-

not equivalent to the enumerated crimes in § 924(e)(2)(B)(ii). Accordingly, we must determine whether Scudder's child molestation convictions fall under § 924(e)(2)(B)(ii)'s residual clause, that is, whether they "otherwise involve[] conduct that presents a serious potential risk of physical injury to another."

"When considering whether an intentional crime . . . falls within the residual clause, 'levels of risk divide crimes that qualify from those that do not.'" *United States v. Nathaniel Smith*, No. 10-2533, slip op. at 6 (8th Cir. Jul. 14, 2011) (quoting *Sykes*, 131 S. Ct. at 2275). "The residual clause applies 'when the relevant prior offenses involved a potential risk of physical injury similar to that presented by burglary, extortion, arson, and crimes involving use of explosives.'" *Id.* (quoting *Sykes*, 131 S. Ct. at 2277).

Scudder's child molestation convictions are for intentional crimes, *see* Ind. Code § 35-42-4-9(e) (1981); *Lechner v. State*, 715 N.E.2d 1285, 1287 (Ind. App. 1999), and they are "similar in risk" to the crimes listed in the ACCA's residual clause. *See Sykes*, 131 S. Ct. at 2276. In *United States v. Mincks*, we held that statutory sexual offenses "categorically . . . present a serious potential risk of physical injury to another because 'this type of contact between parties of differing physical and emotional maturity carries a substantial risk that physical force . . . may be used in the course of committing the offense.'" 409 F.3d 898, 900 (8th Cir. 2005) (quoting *United States v. Alas-Castro*, 184 F.3d 812, 813 (8th Cir. 1999) (per curiam) (holding that sexual assault of a child qualified as "crime of violence" under 18 U.S.C. § 16)). The same is true for Scudder's offenses. Child molestation under the

matter how slight." *Johnson*, 130 S. Ct. at 1267 (quoting *State v. Hearns*, 961 So.2d 211, 218 (Fla. 2008)). Scudder's reliance on *Johnson* is misplaced, however, because the Court in *Johnson* considered whether the defendant's conviction satisfied § 924(e)(2)(B)(i) and specifically did not interpret the residual clause of § 924(e)(2)(B)(ii), which we consider here. *Abari*, 638 F.3d at 850 (citing *Johnson*, 130 S. Ct. at 1274).

Indiana statute involves sexual contact between parties of differing maturity, and it presents a serious potential risk that the molester will use physical force on the child. It is categorically similar in risk to the crimes listed in the ACCA's residual clause. It is therefore a violent felony.

For these reasons, Scudder was properly sentenced as an armed career criminal, and we affirm that sentence.

———————————————