# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1939

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Craig Allen Flagg, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 18, 2011
Filed: January 24, 2012

_____

Before RILEY, Chief Judge, BEAM and BYE, Circuit Judges.

_____

PER CURIAM.

Craig Allen Flagg (Flagg) appeals the district court's[1] denial of his motion to suppress evidence, and the district court's sentencing determination under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). We affirm.

As a threshold matter, we decline to entertain Flagg's ineffective-assistance-of counsel claim on direct appeal, as the record is not fully developed and this case does not present exceptional circumstances compelling our consideration. See United

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

States v. Davis, 452 F.3d 991, 994 (8th Cir. 2006) (explaining exceptional circumstances).

Flagg argues that the district court erred in denying his motion to suppress pursuant to the Fourth Amendment. "In considering the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo."[2] United States v. Kelley, 652 F.3d 915, 917 (8th Cir. 2011).

Here, officers obtained a warrant to search Flagg's person and a residence located at 2312 Southeast 18th Street, Des Moines, Iowa (18th Street residence). While executing the warrant, officers located Flagg at a neighboring residence and transferred him to the warrant-covered residence. Flagg challenges this transfer, but we see no Fourth Amendment violation in transferring Flagg–only a short distance–from a neighboring residence to the warrant-covered residence. See United States v. Slupe, 692 F.2d 1183, 1189 (8th Cir. 1982) (recognizing that a warrant to search a person authorizes an arrest of that person for purposes of conducting the search); United States v. Baca, 480 F.2d 199, 203 (10th Cir. 1973) (finding that search warrant did not require the search of a person to be conducted at a particular location). This is especially true in light of the officers' concern for their ability to control the situation at the neighboring residence. See Pennsylvania v. Mimms, 434 U.S. 106, 111 (1977) (per curiam) ("What is at most a mere inconvenience cannot prevail when balanced against legitimate concerns for the officer's safety."). Moreover, given that officers obtained a warrant for the 18th Street residence and reasonably believed Flagg lived there, we conclude it was constitutionally reasonable

---

[2]The government argues that Flagg is only entitled to plain error review on his Fourth Amendment claims because he is raising new arguments on appeal. We need not decide that issue because his Fourth Amendment claims fail even under de novo review.

to detain Flagg after the search of his person,[3] for the relatively short time officers needed to search the residence. See Michigan v. Summers, 452 U.S. 692, 705 (1981) (concluding "it is constitutionally reasonable to require [a] citizen to remain while officers of the law execute a valid warrant to search his home"). Although Flagg asserts that the officers simply transferred him to the 18th Street residence so they could interrogate him, the rule is well-established that as long as officers act according to a legally justified search and seizure, their subjective motivations are not relevant to a Fourth Amendment analysis. McClendon v. Story Cnty. Sheriff's Office, 403 F.3d 510, 515-16 n.4 (8th Cir. 2005). Accordingly, the district court did not err in denying Flagg's motion to suppress.

Flagg's remaining arguments challenge the district court's application of the ACCA. We review de novo a district court's determination that a prior conviction constitutes a violent felony under the ACCA. United States v. Abari, 638 F.3d 847, 848 (8th Cir. 2011). We also review de novo Flagg's contention that imposing the ACCA's mandatory minimum sentence violated his Fifth and Sixth Amendment rights. United States v. Barraza, 576 F.3d 798, 808 (8th Cir. 2009). After careful review of the record, we conclude Flagg's Iowa conviction for going armed with intent qualifies as a violent felony for the purposes of applying the ACCA. See United States v. Carpenter, 422 F.3d 738, 749 (8th Cir. 2005) (determining Iowa conviction for going armed with intent is a crime of violence); United States v. Hennecke, 590 F.3d 619, 621 n.2 (8th Cir. 2010) ("Given their nearly identical definitions, we construe the statutory term 'violent felony' and the Guidelines term 'crime of violence' as interchangeable."). Additionally, we conclude Flagg's challenges under the Fifth and Sixth Amendments are without merit. See Apprendi v. New Jersey, 530 U.S. 466, 476 (2000) (announcing that facts, *other than prior*

---

[3]Flagg asserts that the record does not indicate if or when officers searched him. However, the district court made a specific finding that Flagg was searched at some point during his detention at the 18th Street residence. Based on the record, this finding was not clearly erroneous.

*conviction*, increasing criminal penalties must be charged, submitted to a jury, and proved beyond a reasonable doubt); <u>United States v. Campbell</u>, 270 F.3d 702, 708 (8th Cir. 2001) (recognizing that "<u>Apprendi</u> does not require the 'fact' of prior convictions to be pled and proved to a jury").  Therefore, the district court did not err in applying the ACCA.

We affirm the judgment of the district court.

_____