# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 12-1122

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Horacio D. Hill, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 12, 2012
Filed: July 13, 2012

_____

Before BYE, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Horacio Hill directly appeals after he pled guilty to a firearm charge, for which the district court[1] sentenced him to the mandatory fifteen-year minimum under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the court erroneously determined that Hill had at least three prior violent-felony convictions for purposes of sentencing him under the ACCA.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Upon careful de novo review, this court concludes that the district court correctly determined that Hill had at least three prior violent-felony convictions for purposes of sentencing him under the ACCA. *See* 18 U.S.C. § 924(e)(2)(B) (violent felony includes any crime punishable by imprisonment for term exceeding one year that has as element use, attempted use, or threatened use of physical force against person of another); *Sykes v. United States*, 131 S. Ct. 2267, 2272-73 (2011) (acknowledging that attempted burglary qualifies as violent felony under ACCA); *United States v. Hennecke*, 590 F.3d 619, 623-24 (8th Cir.) (holding that defendant's prior Missouri conviction for physically stealing from person qualified as violent felony under ACCA; second-degree robbery is violent felony for sentencing under ACCA), *cert. denied*, 131 S. Ct. 78 (2010); *see also United States v. Jones*, 574 F.3d 546, 549 (8th Cir. 2009) (district court's determination that defendant's prior conviction constituted violent felony under ACCA is reviewed de novo).

Having reviewed the record independently pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), this court finds no non-frivolous issues. This court grants counsel leave to withdraw, and affirms.

_____